**FILED**
MAR 15 2013

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| ROBERT McGEHEE,<br><br>Plaintiff,<br><br>vs.<br><br>PROGRESSIVE NORTHERN INSURANCE COMPANY, an Ohio corporation,<br><br>Defendant. | CIV. 13-3014<br><br>COMPLAINT FOR DECLARATORY RELIEF |

COMES NOW Plaintiff, Robert McGehee, by and through his counsel of record, and for his Complaint for Declaratory Relief, hereby states and alleges as follows:

1. Plaintiff Robert McGehee (hereinafter, "Plaintiff") is a natural person and domiciliary and resident of the City of Jackson, State of Mississippi.

2. Defendant Progressive Northern Insurance Company (hereinafter, "Defendant") is an Ohio corporation licensed to sell and service insurance products in South Dakota.

JURISDICTION

3. This is an action for a declaratory judgment pursuant to 28 U.S.C. §2201, for the purpose of determining a question of actual controversy between the parties, as alleged herein.

4. In this action, Plaintiff seeks a legal declaration as to the rights and responsibilities of Defendant to provide insurance coverage, payments, or benefits to, or

on behalf of, Plaintiff, arising out of a motor vehicle collision that occurred on April 24, 2012.

5. Jurisdiction of this action is based on 28 U.S.C. §1332, there being complete diversity of citizenship between the parties. The amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

6. Venue is proper in the United States District Court for the District of South Dakota, Central Division, pursuant to 28 U.S.C. §1391 because the acts, omissions, or events giving rise to this lawsuit occurred in Gregory County, South Dakota.

## FACTS

7. During the period from November 30, 2011, through May 30, 2012, Defendant issued to Dave and Patricia Keiser an insurance policy (Policy Number 43523354-7) extending motor vehicle liability, bodily injury, property damage liability, and medical payment coverage benefits (hereinafter, "Progressive Policy").

8. The Progressive Policy provided coverage to the motor vehicles listed in the policy, which are defined as the "covered autos." A 1993 GMC Suburban, VIN 1GTFK16K6PJ747994 (hereinafter, "Suburban") owned by Dave and Patricia Keiser is specifically identified in the Progressive Policy as being a "covered auto." In the Progressive Policy, the primary use of the Suburban was listed as being for "pleasure."

9. Upon information and belief, at all times relevant the primary use of this vehicle was for "pleasure," consistent with the language contained in the Progressive Policy.

10. The Progressive Policy provides benefits to any "insured person" for injuries, claims, and/or damages arising out of the use of "covered auto."

11. The Progressive Policy defines "insured person" as "any person while operating a 'covered auto' with the permission of you or a relative[.]"

12. On April 24, 2012, Plaintiff was driving the Suburban with Dave Keiser's permission and authorization. There were no passengers. Plaintiff was not, at the time, transporting or carrying any goods or persons for compensation or hire. Plaintiff was driving the vehicle as a favor to Mr. Keiser and returning it to Mr. Keiser's residence.

13. At or around 8:00 p.m., Plaintiff was driving the Suburban north on 354th Avenue, in rural Gregory, South Dakota.

14. Plaintiff and the Suburban were involved in a motor vehicle collision with a vehicle that was travelling east on U.S. Highway 18. The eastbound vehicle was being driven by Iona Duerfeldt. Marvin Esterling was riding as a passenger in the front right seat of that vehicle at the time.

15. As a result of the collision, Plaintiff, Ms. Duerfeldt, and Mr. Esterling, suffered injuries requiring hospitalization and medical care and treatment. Both the Suburban and Ms. Duerfeldt's vehicle sustained extensive damage and were rendered inoperable. A traffic sign was also damaged.

16. Plaintiff was issued a traffic citation for failure to stop or yield the right of way.

17. At the time of the collision, Plaintiff had personal auto liability insurance and umbrella coverage from MetLife Home and Auto.

18. Under South Dakota law, and consistent with the clear language of the Progressive Policy, the coverage provided by the Progressive Policy to Plaintiff is primary, with the coverage provided under Plaintiff's personal auto liability insurance and umbrella policies being secondary.

19. Following the collision, Plaintiff and his insurer demanded that Defendant provide benefits, coverage, and indemnification and defense from third-party claims that had arisen on the grounds that Plaintiff was driving a "covered auto" and clearly met the Progressive Policy's requirements for being an "insured."

20. On or about June 16, 2012, Defendant notified Plaintiff that it was denying him coverage and benefits under the Progressive Policy. The stated reasons or grounds provided by Defendant for denying coverage were factually inaccurate, incomplete, and based on incorrect, patently false, and unfounded assumptions, speculations, and conjecture.

21. At the time of the collision, Plaintiff was not transporting persons or goods for compensation or hire.

22. Upon information and belief, the Suburban was at all times used primarily for "pleasure" as stated in the Progressive Policy, and no material misrepresentations or omissions were made by Dave or Patricia Keiser that would void, adversely impact, or legally limit, Plaintiff's right to coverage.

23. Defendant's denial of coverage to Plaintiff under the Progressive Policy for payment and defense of claims, damages, and injuries arising out of the April 24, 2012 collision is inequitable, unjust, and contrary to South Dakota law. Defendant's denial of coverage has actually injured Plaintiff, and is substantially certain to cause future injury and damage, in an amount that meets or exceeds the $500,000 in total coverage provided under the Progressive Policy.

24. As a matter of law, Plaintiff qualifies as an insured and is legally entitled to coverage and benefits up to the stated limits of coverage of $500,000.

25. Ms. Duerfeldt and Mr. Esterling have retained legal counsel and are likely to assert a claim or cause of action against Plaintiff seeking recovery of money damages related to Plaintiff's operation of the Suburban.

26. Plaintiff seeks, through this action, a declaration by the Court as to the duties, rights, and responsibilities, of the parties under the Progressive Policy with regard to the automobile collision that occurred on April 24, 2012, as alleged above. Plaintiff further seeks a declaration that coverage provided under the Progressive Policy to Plaintiff is primary, with Plaintiff's personal auto and umbrella policies being secondary.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter a judgment declaring that:

1. Plaintiff is entitled to all coverage, benefits, payments, and rights under the Progressive Policy with regard to the April 24, 2012 collision, subject to the stated $500,000 limit in total coverage;

2. That coverage provided under the Progressive Policy to Plaintiff is primary, with Plaintiff's personal auto and umbrella policies being secondary;

3. That Plaintiff be awarded his taxable costs and expenses; and

4. That Plaintiff be granted such other and further relief as the Court deems equitable and just.

Dated at Sioux Falls, South Dakota, this 15th day of March, 2013.

SIEGEL, BARNETT & SCHUTZ, L.L.P.

Kathryn J. Hoskins
khoskins@sbslaw.net
515 South Cliff Avenue, Suite 104
Post Office Box 1286
Sioux Falls, SD 57101-1286
Telephone: (605) 335-6250
Facsimile: (605) 335-6749
   Attorneys for Plaintiff